IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MCSTEEL INTERNATIONAL USA
CORPORATION

    **Plaintiff(s)**

    v.

NAVIERAS NPR, INC., et al

    **Defendant(s)**

CIVIL NO. 98-1746 (JAG)

---

### ORDER

The Court has reviewed defendant Navieras NPR Inc.'s motion to dismiss (Docket No. 8), as well as plaintiff Macsteel International USA Corporation's opposition (Docket No. 21), and the parties's subsequent filings on this score. Upon review of the motions, the Court grants NPR's motion (with a caveat, noted below).

In its Second Amended Complaint, Macsteel denies having entered into a contract of carriage with NPR. As a result, it may not claim that it never entered into a contract with NPR, for purposes of circumventing the "time for suit" clause included in the NPR bill of lading, and at the same time seek to recover against NPR (in the absence of a contract) under a "party in interest" theory under Fed. R. Civ. P. 17(a). If Macsteel has elected to amend its theory of liability to reflect no contractual relationship with NPR, it must accept the consequences of that decision. Macsteel's Second Amended Complaint essentially relies

Civil No. 98-1746(JAG)                                                          2

on a contractual theory of liability that points to defendant Marine Commodity Lines as the potentially liable entity for its loss. Accordingly, Macsteel may not recover against NPR on a contractual theory of liability.

Macsteel correctly points out, however, that NPR has proffered no arguments supporting dismissal of the marine tort liability claims against NPR, as set forth in Macsteel's Second Amended Complaint. Accordingly, the Court grants NPR's motion to dismiss, but only with respect to Macsteel's contract claims. NPR remains as a defendant in the case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of March 2002.

_____
JAY A. GARCIA-GREGORY
United States District Judge